AO 245C (Rev. 09/15) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
v1 Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA
v.
Thomas James McLaughlin

## AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: 3:15-cr-00052-001
USM Number: 15338-030
Terence L. McAtee
Defendant's Attorney

**Date of Original Judgment:** 3/30/2016
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s) One of the Indictment filed on June 16, 2015
☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.
☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2), 2252(b)(1) | Receiving Child Pornography | 07/31/2014 | One |

☐ See additional count(s) on page 2

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) Two ☑ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 17, 2016
Date of Imposition of Judgment

[signature]
Signature of Judge

John A. Jarvey, Chief U.S. District Judge
Name of Judge Title of Judge

June 17, 2016
Date

DEFENDANT: Thomas James McLaughlin
CASE NUMBER: 3:15-cr-00052-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
84 months on Count One of the Indictment filed on June 16, 2015

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be placed on FCI Oxford, Wisconsin.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before on ____________

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

a ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Thomas James McLaughlin
CASE NUMBER: 3:15-cr-00052-001



# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Ten years on Count One of the Indictment filed on June 16, 2015.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation office;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Thomas James McLaughlin
CASE NUMBER: 3:15-cr-00052-001



# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a sex offender treatment program, to include psychological testing and a polygraph examination, as directed by the U.S. Probation Officer. The defendant shall also abide by all supplemental conditions of sex offender treatment, to include abstaining from alcohol. Participation may include inpatient/outpatient treatment, if deemed necessary by the treatment provider. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. Sex offender assessments and treatment shall be conducted by therapists and polygraph examiners approved by the U.S. Probation Office, who shall release all reports to the U.S. Probation Office. The results of a polygraph examination will not be used for the purpose of revocation of supervised release. If disclosure is required by mandatory reporting laws, polygraph results will be reported to appropriate treatment personnel, law enforcement, and related agencies with the approval of the Court. If polygraph results reveal possible new criminal behavior, this will be reported to the appropriate law enforcement and related agencies after obtaining approval from the Court.

The defendant shall not have any contact (personal, electronic, mail, or otherwise) with any child under the age of 18, including in employment, without the prior approval of the U.S. Probation Officer. If contact is approved, the defendant must comply with any conditions or limitations on this contact, as set forth by the U.S. Probation Officer. Incidental contact in the course of daily commercial transactions is permissible.

The defendant shall not view or possess any form of sexually stimulating pornography, correspond with anyone in the business of providing such material, or enter adult entertainment venues where sexually stimulating pornography is the primary product(s) for purchase or viewing.

The defendant shall not possess or use a computer or any other device with an internal, external, or wireless modem, without the prior approval of the U.S. Probation Officer. If computer use is approved, the defendant shall submit to unannounced examinations of all computer equipment, the installation of monitoring hardware and software, and the possible removal of such equipment for a more thorough inspection. If computer use for employment purposes is approved by the U.S. Probation Officer, the defendant shall permit third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon the defendant.

The defendant shall comply with all sex offender laws for the state in which he resides and shall register with the local sheriff's office within the applicable time frame.

The defendant may not possess any type of camera (to include cameras within cellular telephones) or video recording device without the prior approval of the U.S. Probation Officer.

The defendant shall submit to a search of his person, property, residence, adjacent structures, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media, conducted by a U.S. Probation Officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents or occupants that the premises and/or vehicle may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his release and/or that the area(s) or item(s) to be searched contain evidence of this violation or contain contraband. Any search must be conducted at a reasonable time and in a reasonable manner. This condition may be invoked with or without the assistance of law enforcement, including the U.S. Marshals Service.

The defendant shall not apply for, solicit, or incur any further debt, included but not limited to loans, lines of credit, or credit card charges, either as a principal or cosigner, as an individual, or through any corporate entity, without first obtaining written permission from the U.S. Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall pay restitution in the total amount of $24,000, payable as follows: $2,000 to each of the Marineland, Misty, Lighthouse, Angela, and Jenny Series; $4,000 to the BluesPink Series; and $10,000 to the 8 Kids Series. The defendant shall cooperate with the U.S. Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the U.S. Probation Office. The defendant may be required to participate in an IRS offset program which may include the garnishment of wages or seizure of all or part of any income tax refund to be applied toward the restitution balance. You may be required to participate in the Treasury Offset Program which would include the seizure of any government payment to be applied toward the restitution balance.

DEFENDANT: Thomas James McLaughlin
CASE NUMBER: 3:15-cr-00052-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | * Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 24,000.00 |

☐ The determination of restitution is deferred until ________ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| * Marineland Series | | $2,000.00 | |
| Payable To: Carol L. Hepburn in trust for "Sarah" | | | |
| Malil To: Carol L. Hepburn, P.S. | | | |
| 2722 Eastlake Avenue E., Suite 200, Seattle, WA 98102 | | | |
| | | | |
| * Misty Series | | $2,000.00 | |
| Include on Memo Line of Check: Defendant Name and Dkt. No. | | | |
| Mail To: The Marsh Law Firm PLLC | | | |
| Attn: "Amy" | | | |
| P.O. Box 4668 #65135, New York, NY 10163-4668 | | | |
| | | | |
| TOTALS | $0.00 | $24,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Thomas James McLaughlin
CASE NUMBER: 3:15-cr-00052-001

# ADDITIONAL RESTITUTION PAYEES

| | Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|---|
| * | Lighthouse Series | | $2,000.00 | |
| | Payable To: Law Office of Sara J. Powell, PLLC (with Defendant Name and Dkt. No.) | | | |
| | Mail To: Law Office of Sara J. Powell, PLLC | | | |
| | 550 West Portland Street, Phoenix, AZ 85003 | | | |
| * | BluesPink Series | | $2,000.00 | |
| | Payable To: The Marsh Law Firm PPLP in trust for "Erin" | | | |
| | Mail To: Marsh Law Firm PLLC | | | |
| | P.O. Box 4668 #65135, New York, NY 10163-4668 | | | |
| * | BluesPink Series | | $2,000.00 | |
| | Payable To: The Marsh Law Firm PPLP in trust for "Fiona" | | | |
| | Mail To: Marsh Law Firm PLLC | | | |
| | P.O. Box 4668 #65135, New York, NY 10163-4668 | | | |
| * | Angela Series | | $2,000.00 | |
| | Include on Memo Line of Check: Defendant Name and Dkt. No. | | | |
| | Mail To: Lenahan Law, P.L.L.C., F/B/O "Angela" | | | |
| | 2655 Villa Creek, Suite 222, Dallas, TX 75234 | | | |
| * | Jenny Series | | $2,000.00 | |
| | Payable To: The Marsh Law Firm PPLP in trust for "Jenny" | | | |
| | Mail To: Marsh Law Firm PLLC | | | |
| | P.O. Box 4668 #65135, New York, NY 10163-4668 | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Thomas James McLaughlin
CASE NUMBER: 3:15-cr-00052-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| * 8 Kids Series (John Doe I, II, III, IV, V) | | $10,000.00 | |
| Payable: The Law Office of Erik Bauer in trust for the 8 Kids Series | | | |
| Mail To: The Law Office of Erik L. Bauer | | | |
| 215 Tacoma Avenue South, Tacoma, WA 98402 | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Thomas James McLaughlin
CASE NUMBER: 3:15-cr-00052-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 24,100.00 due immediately, balance due

☐ not later than ____________, or
☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary payments are to be made to the Clerk's Office, U.S. District Court, P.O. Box 9344, Des Moines, IA. 50306-9344.
While on supervised release, you shall cooperate with the Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the Probation Office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All crimnal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

the Gateway NE56R4lu laptop computer (SN: NXY1UAA030304B4253400) and the 500GB Western Digital hard drive (SN: WX21A7C275302), as further outlined in the Preliminary Order of Forfeiture filed on November 19, 2015.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.